UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN CHERY,

      Plaintiff,

v.                                        Case No. 8:11-cv-2538-T-24 TGW

DANIEL BARNARD, ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on three motions: (1) Defendant Daniel Barnard's Motion to Dismiss (Doc. No. 34), (2) Defendant Polk County Sheriff's Office's Motion to Dismiss (Doc. No. 33), and (3) Defendant City of Haines City's Motion to Dismiss (Doc. No. 36). Plaintiff opposes these motions. (Doc. No. 40). The Court held a hearing on these motions on February 9, 2012.

**I. Background**

Plaintiff Jean Chery was arrested by Defendant Daniel Barnard, a police officer employed by Defendant Haines City ("City"), based on a warrant for someone else who had the same name as Plaintiff. Thereafter, Plaintiff filed suit against Barnard, the City, and Defendant Polk County Sheriff's Office ("PCSO").

Plaintiff alleges the following in his amended complaint (Doc. No. 26): Plaintiff was advised that the State of New York had issued a warrant for a person with the same name as Plaintiff, and he was told to go to the nearest police station to have his fingerprints taken for comparison. Plaintiff did not follow the instructions to go to the police station to clear the matter up. Instead, on August 26, 2008, while on his lunch break as a school bus driver, Plaintiff

approached Barnard at a grocery store. Plaintiff asked Barnard how he could clear his name, and Barnard arrested Plaintiff on a Fugitive from Justice Warrant from New York.[1] Thereafter, Barnard transported Plaintiff to the City's police department, and Plaintiff was later transported to the Polk County jail. Plaintiff was strip-searched at the Polk County jail and detained there for approximately 36 hours.

On August 27, 2008, the PCSO submitted a request to New York law enforcement to compare Plaintiff's fingerprints with those of another Jean Chery. Plaintiff points out that he is an African-American male who was born on 6/7/63, and his fingerprints were compared to a Jean Chery that is a Natural Indian male who was born on 7/6/63.[2] The compared fingerprints revealed that Plaintiff was not the person that New York law enforcement was seeking pursuant to a fugitive warrant from 1997. These allegations imply that Plaintiff was arrested because there was a 1997 fugitive warrant from New York for an Indian male named Jean Chery and that Barnard erroneously believed that Plaintiff was that Jean Chery.

However, Plaintiff next alleges that New York law enforcement was seeking a Caucasian female named Jean Chery for felony arrest in 1997. Thus, it is unclear as to: (1) whether there were two 1997 warrants from New York for two Jean Cherys (one for an Indian male and one for a Caucasian female); and (2) which Jean Chery warrant was the basis for Plaintiff's arrest. Additionally, because Plaintiff simply alleges that the physical description and personal data in the warrant did not match Plaintiff, it is unclear what specific information was contained in the

---

[1]There is no information in the amended complaint regarding anything that Barnard said or did prior to arresting Plaintiff.

[2]Plaintiff refers to this other Jean Chery as a "Natural Indian" male and as a "Native American" male.

warrant.[3] Thus, Plaintiff fails to provide any details regarding what Barnard knew at the time that he arrested Plaintiff, other than that there was a warrant out in Plaintiff's name.

Plaintiff was released at approximately 2:00 a.m. on August 28, 2008. On September 15, 2008, the PCSO submitted a request to the Polk County state court to have Plaintiff's criminal record (as a result of this incident) expunged from their computer system. This request was granted, and Plaintiff's criminal record was expunged on September 17, 2008. However, on January 9, 2009, Plaintiff was terminated from his job as a result of the erroneous arrest and incarceration. The loss of his employment caused Plaintiff significant financial difficulties.

Thereafter, Plaintiff filed the instant lawsuit and asserted three claims. In Count I, Plaintiff asserts a § 1983 false arrest claim against Barnard and the City. In Count II, Plaintiff asserts a § 1983 illegal detention and confinement claim against Barnard, the City, and the PCSO. In Count III, Plaintiff asserts state law claims of false arrest and false imprisonment against Barnard, the City, and the PCSO.

As support for all three counts, Plaintiff alleges that Barnard did not have a reasonable basis for the arrest, because Barnard could not believe that Plaintiff was a Caucasian female or an Indian male. With respect to the City's involvement, Plaintiff alleges that the City had a policy and custom of not adequately verifying warrants before arresting and detaining people. With respect to the PCSO's involvement, Plaintiff alleges that the PCSO had a policy and custom of not adequately verifying warrants before detaining people, which prolonged Plaintiff's detention at the Polk County jail. Additionally, Plaintiff alleges that by not expediting the verification of the warrant, the PCSO unreasonably detained Plaintiff for 36 hours.

---

[3]In fact, Plaintiff does not even allege that Barnard checked the warrant.

**II. Motions to Dismiss**

In response to the amended complaint, Defendants each filed a motion to dismiss. Accordingly, the Court will analyze each motion.

**A. Barnard's Motion to Dismiss**

Barnard moves to dismiss all three counts asserted against him, arguing: (1) Plaintiff failed to allege a constitutional violation, which is a necessary element of his § 1983 claims; (2) he is entitled to qualified immunity or statutory immunity for Plaintiff's claims; and (3) Plaintiff has not sufficiently pled his state law claims. As explained below, the Court will convert Barnard's motion to dismiss into a motion for summary judgment and allow the parties to submit additional material and evidence pertinent to the motion before the Court rules on it.

**1. § 1983 Claim for Mistaken Arrest**

A § 1983 claim based on a mistaken arrest pursuant to a valid warrant is asserted pursuant to the Fourth Amendment's right to be free from unreasonable seizures. Chapman v. City of Atlanta, Georgia, 192 Fed. Appx. 922, 924 (11th Cir. 2006). In order to determine whether the arrest violated Plaintiff's constitutional right, the Court must examine the totality of the circumstances surrounding the arrest to see whether the arrest was made pursuant to a reasonable mistake. See Rodriguez v. Farrell, 280 F.3d 1341, 1347 (11th Cir. 2002). When the police have a valid warrant to arrest one party, but the police reasonably mistake the second party for the first party, the mistaken arrest of the second party is a valid arrest and cannot support a § 1983 claim. See id. at 1345-46 (citing Hill v. California, 401 U.S. 797, 802 (1971)).

Plaintiff alleges that he was arrested based on a warrant for a person with his same name. Plaintiff does not challenge the validity of the warrant as to the "real" Jean Chery for whom the

4

warrant was issued; instead, he argues that there was no valid warrant to arrest him. Plaintiff, however, misunderstands the focus of the Court's inquiry, which is whether it was reasonable for Barnard to mistake Plaintiff for the Jean Chery sought in the warrant.

It is impossible for the Court to determine whether it was reasonable for Barnard to mistake Plaintiff for the Jean Chery sought in the warrant, because Plaintiff fails to allege any details regarding to the circumstances of his arrest. Therefore, the Court will allow the parties to submit evidence on this issue, so the Court can determine whether it will be possible for Plaintiff to show that his arrest was unreasonable. Given that Barnard is asserting qualified immunity, which is an issue that should be resolved at the earliest possible point in the litigation, the Court believes that converting the motion to dismiss into a motion for summary judgment will be the quickest way to resolve the issues of whether Plaintiff can assert a § 1983 false arrest claim and whether Barnard is entitled to qualified immunity.

### 2. § 1983 Claim Based on the Subsequent Confinement

Plaintiff's § 1983 claim based on his confinement after the mistaken arrest is asserted pursuant to the Fourteenth Amendment's protection against deprivations of liberty without due process, because Plaintiff is challenging his prolonged detention caused by the delay in confirming his identity. See Baker v. McCollan, 443 U.S. 137, 142 (1979). The analysis of this claim will depend on whether the Court finds that it may be possible for Plaintiff to show that his arrest was unreasonable. As such, the Court defers ruling on this claim at this time.

### 3. State Law Claims

Plaintiff's state law claims against Barnard will also be affected by the Court's conclusion regarding whether it may be possible for Plaintiff to show that his arrest was

unreasonable. As such, the Court defers ruling on the state law claims at this time.

### 4. Conclusion

Accordingly, because the Court needs additional information regarding the totality of the circumstances surrounding Plaintiff's arrest, the Court converts Barnard's motion to dismiss into a motion for summary judgment. After the parties submit additional materials and evidence for the Court's consideration, the Court will rule on Barnard's motion as to all three counts.

### B. The City's Motion to Dismiss

The City moves to dismiss the § 1983 claims asserted against it in Counts I and II, arguing that Plaintiff has failed to sufficiently allege that he was harmed pursuant to a policy or custom of the City, which is a necessary element of his § 1983 claims against the City. In the order setting the hearing on the pending motions to dismiss, the Court noted that Plaintiff had failed to sufficiently plead that he was arrested or detained pursuant to a policy or custom of the City. Instead, the only allegations regarding such a policy or custom is Plaintiff's conclusory allegations that the City had a policy and custom of not adequately verifying warrants before it arrested and detained people. (Doc. No. 26, ¶ 46, 81).

However, Plaintiff's conclusory allegations are not sufficient to state a § 1983 claim against a local governmental entity. See Barr v. Gee, 437 Fed. Appx. 865, 874-75 (11th Cir. 2011). Instead, Plaintiff must allege facts that support a plausible inference that a custom or policy existed. See id. Furthermore, a single incident cannot support a plausible inference that a custom or policy existed. See id. at 875; Vouchides v. Houston Community College System, 2011 WL 4592057, at *14 (S.D. Tx. Sept. 30. 2011); Arroyo v. Judd, 2010 WL 3044053, at *2 (M.D. Fla. July 30, 2010). Had Plaintiff alleged prior instances of people being mistakenly

6

arrested by the City's police officers under similar circumstances to those of Plaintiff, such allegations could support a plausible inference that a custom or policy of not adequately verifying warrants existed. See Vouchides, 2011 WL 4592057, at *13. Plaintiff did not allege any prior similar incidents of mistaken arrests. Therefore, because the only allegations supporting his contention that a policy or custom existed is the fact that he was mistakenly arrested and detained, the Court concludes that Plaintiff has failed to sufficiently allege his § 1983 claims against the City. See Accordingly, the § 1983 claims against the City are due to be dismissed.

In the Court's order setting the hearing, the Court stated that it would address whether Plaintiff should be allowed another opportunity to amend his § 1983 claims against the City. At the hearing, the Court asked Plaintiff whether he knew of any other occurrences in which the City mistakenly arrested a person due to a failure to adequately verify the warrant and/or whether he had any other factual allegations that would support his allegation that such a policy or custom existed. Plaintiff responded that his situation was the only incident of which he was aware. Accordingly, the Court finds no basis for granting Plaintiff leave to amend, because he does not know of any facts to allege to support his contention that the City had a policy or custom of not adequately verifying warrants before it arrested and detained people.

The City also moves to dismiss the state law claims asserted against it in Count III, because it contends that Plaintiff failed to comply with the necessary pre-suit notice requirements of Florida Statute § 768.28(6). However, this argument has no merit, as Plaintiff has alleged such compliance and attached to the amended complaint the letters giving the City notice of his claims. (Doc. N0. 26, ¶ 120 and Ex. E). As such, the Court denies the City's

motion to dismiss Count III.

### C. The PCSO's Motion to Dismiss

The PCSO moves to dismiss the § 1983 claim asserted against it in Count II, arguing that Plaintiff has failed to sufficiently allege that he was harmed pursuant to a policy or custom of the PCSO, which is a necessary element of his § 1983 claims against the PCSO. In the order setting the hearing on the pending motions to dismiss, the Court noted that Plaintiff had failed to sufficiently plead that he was detained pursuant to a policy or custom of the PCSO. Instead, the only allegation regarding such a policy or custom is Plaintiff's conclusory allegation that the PCSO had a policy and custom of not adequately verifying warrants before it detained people. (Doc. No. 26, ¶82).

However, Plaintiff's conclusory allegation is not sufficient to state a § 1983 claim against a local governmental entity. See Barr, 437 Fed. Appx. at 874-75; Arroyo, 2010 WL 3044053, at *2; Vouchides, 2011 WL 4592057, at *13. Because the only allegations supporting his contention that a policy or custom existed is the fact that he was mistakenly arrested and detained, the Court concludes that Plaintiff has failed to sufficiently allege his § 1983 claims against the PCSO. Accordingly, the § 1983 claim against the PCSO is due to be dismissed.

In the Court's order setting the hearing, the Court stated that it would address whether Plaintiff should be allowed another opportunity to amend his § 1983 claim against the PCSO. At the hearing, the Court asked Plaintiff whether he knew of any other occurrences in which the PCSO mistakenly detained a person due to a failure to adequately verify the warrant and/or whether he had any other factual allegations that would support his allegation that such a policy or custom existed. Plaintiff responded that his situation was the only incident of which he was

aware. Accordingly, the Court finds no basis for granting Plaintiff leave to amend, because he does not know of any facts to allege to support his contention that the PCSO had a policy or custom of not adequately verifying warrants before it detained people.

The PCSO also moves to dismiss the state law claims asserted against it in Count III, arguing that: (1) it was not involved in Plaintiff's arrest; (2) there was probable cause for Plaintiff's arrest which precludes his false imprisonment claim; and (2) the PCSO did not owe Plaintiff a duty of care that would support a false imprisonment claim. The Court agrees that to the extent that Plaintiff is attempting to assert a false arrest claim against the PCSO, the claim must fail, as Plaintiff acknowledges in his amended complaint that the PCSO was not involved in his arrest. However, the Court defers ruling on the motion to the extent that it seeks dismissal of the state law false imprisonment claim. The false imprisonment claim may be affected by the Court's conclusion regarding whether it may be possible for Plaintiff to show that his arrest was unreasonable. Thus, the Court will rule on this portion of the PCSO's motion when the Court rules on Barnard's motion.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Court converts Barnard's Motion to Dismiss (Doc. No. 34) into a motion for summary judgment. Barnard must file any additional material or evidence that he wants the Court to consider, including a supplemental memorandum not to exceed six pages, by **February 21, 2012**. Plaintiff must file any additional material or evidence that he wants the Court to consider, including a supplemental memorandum not to exceed six pages, by **March 5, 2012**.

(2) The City's Motion to Dismiss (Doc. No. 36) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court dismisses Counts I and II against the City; otherwise, the motion is **DENIED**.

(3) The PCSO's Motion to Dismiss (Doc. No. 33) is **GRANTED IN PART AND DEFERRED IN PART**: The motion is **GRANTED** to the extent that the Court dismisses Count II and the false arrest claim asserted in Count III against the PCSO. The Court defers ruling on the false imprisonment claim asserted in Count III, as that claim may be affected by the Court's ruling on Barnard's motion. As such, the Court will convert the PCSO's motion to dismiss into a motion for summary judgment to the extent that it addresses Plaintiff's state law false imprisonment claim. The PCSO must file any additional material or evidence that it wants the Court to consider, including a supplemental memorandum not to exceed six pages, by *February 21, 2012*. Plaintiff must file any additional material or evidence that he wants the Court to consider, including a supplemental memorandum not to exceed six pages, by *March 5, 2012*.[4]

**DONE AND ORDERED** at Tampa, Florida, this 10th day of February, 2012.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[4] Plaintiff may file two supplemental memos—one memo addressing Barnard's motion and one memo addressing the PCSO's motion. Each memo is limited to six pages.